## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Leon McNeil, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14cv322 (AJT/IDD) |
| | ) | |
| Sheriff Watson, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

Leon McNeil, a Virginia inmate proceeding pro se, has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of

possession of heroin following a bench trial in the Circuit Court for the City of Portsmouth. On

May 21, 2014, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting

brief and exhibits.  Petitioner was given the opportunity to file responsive materials, pursuant to

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K, and he has filed no reply.

For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will

be dismissed, with prejudice.

### I. Background

On December 20, 2012, petitioner was convicted of possession of heroin.  The facts

underlying the conviction were described by the Court of Appeals of Virginia as follow:

> On November 19, 2011, Nathan Jones saw an individual remove
> equipment from a car parked outside Lowe's and place it in a vehicle
> occupied by appellant.  The individual, later identified as Michael
> Hoerl, entered the driver's side of appellant's vehicle, and the two of
> them drove away. Jones followed the vehicle, noted the license plate
> number, and notified the police.

1

> Based on a police dispatch that two individuals had taken items from a car in the Lowe's parking lot, officers responded and stopped a vehicle matching Jones's description. A 'lot of tools' were visible in the back seat of the car. The officers detained Hoerl and appellant until Jones arrived at the scene. Upon Jones identifying them as the two men he had seen at the time of the larceny, police arrested them. Pursuant to the arrest, the officers searched appellant and discovered heroin in his pocket.

McNeil v. Commonwealth, R. No. 2336-12-1 (Va. App. Aug. 6, 2013), slip op. at 1-2; Resp. Ex. B.

Petitioner received a sentence of three (3) years in prison with all three (3) years suspended, contingent upon his successful completion of the Portsmouth Circuit Court Drug Program. Resp. Ex. A.

Petitioner appealed his conviction to the Court of Appeals of Virginia, arguing that the trial court erred in denying his motion to suppress evidence obtained in violation of the Fourth Amendment. Resp. Ex. B. The Virginia court rejected that position on the following holding:

> Noting that [the informant] Jones did not see him actively participating in the theft, appellant attacks the search on the ground that his arrest was not supported by probable cause. In determining whether probable cause existed, 'the test of constitutional validity is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed.' DePriest v. Commonwealth, 4 Va. App. 577, 583-84, 359 S.E.2d 540, 543 (1987)
>
> ...
>
> "[T]he probable-cause standard does not require that the officer's belief be more likely true than false." United States v. Humphries, 372 F.3d 653, 660 (4th Cir. 2004). "Probable cause relies on a 'flexible, common-sense standard' and 'does not demand any showing that such a belief be correct or more likely true than false.'" Slayton v. Commonwealth, 41 Va. App. 101, 106, 582 S.E.2d 448, 450 (2003) (quoting Texas v. Brown, 460 U.S. 730, 742 (1983)). "[I]t requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Illinois v. Gates, 462 U.S. 213, 245 n. 13 (1983). Probable cause deals with

2

> probabilities that are not "technical" but are "the factual and practical considerations in every day life on which reasonable and prudent men, not legal technicians, act." Garza v. Commonwealth, 228 Va. 559, 564, 323 S.E.2d 127, 129 (1984).
>
> Here, the officers had received information that two men were involved in a theft. The undisputed evidence at the suppression hearing was that appellant sat in a car while Hoerl loaded it with stolen equipment. The two of then left the parking lot together, and when they were stopped a short time later, a large number of tools were in plain view in the back of the car. Under such circumstances, the police could reasonably conclude that it was "likely" that appellant was aware of the stolen goods and jointly possessed them. "Constructive possession may be established by 'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control." Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364 , 368-69 (1994)(*en banc*) ...
>
> Accordingly, as the evidence supported a rational belief that appellant possessed recently stolen goods, the arrest was lawful, and the trial court properly denied appellant's motion to suppress.

McNeil v. Commonwealth, supra, slip op. at 2-3; Resp. Ex. B.

Petitioner sought further review of the foregoing result by the Supreme Court of Virginia, but his petition for appeal was refused. McNeil v. Commonwealth, R. No. 131245 (Va. Dec. 12, 2013); Resp. Ex. C.

Petitioner timely filed the instant application for federal habeas corpus relief on February 19, 2014, asserting as his sole claim: "Fourth Amendment and I had no amount of drugs." Pet. at 6. In support of his claim, Petitioner argues that he was only a passenger in the vehicle that was observed at the crime scene, and he did not steal anything. He also points out that the Commonwealth's witness did not see him stealing anything. Pet. at 6, 8. As noted above, respondent has filed a Rule 5 Answer and a Motion to Dismiss the petition, and petitioner was

3

given a chance to file a reply and opted not to do so. Accordingly, this matter is now ripe for disposition.

## II. Exhaustion and Procedural Bar

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

In this case, it appears that the pro se petitioner's assertion that he "had no amount of drugs" may be intended to state a claim that the evidence was insufficient to sustain his conviction. If so, that claim was never raised in the courts of Virginia and so remains unexhausted. However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). Here, petitioner's

4

unexhausted claim is incapable of exhaustion, because since his direct appeal process has

concluded, he now would be procedurally barred from litigating a claim of insufficiency of the

evidence by the rule of Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974), cert. denied, 419 U.S.

1108 (1975) (holding that a claim is procedurally defaulted if the petitioner could have raised it

on direct appeal but did not). Therefore, that claim is simultaneously exhausted and defaulted for

purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Federal courts may not review a barred claim absent a showing of cause and prejudice or

a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255,

260 (1989). Here, after respondent invoked the defense of procedural bar in the brief supporting

his Motion to Dismiss, petitioner has come forward with no showing to satisfy the cause and

prejudice requirement. Accordingly, petitioner's challenge to the sufficiency of the evidence

used to convict him is procedurally barred from consideration on the merits.

### III. Fourth Amendment Claim

Petitioner also alleges that his Fourth Amendment rights were violated when he was

arrested without probable cause because he was not an active participant in the theft. Federal

consideration of this contention is foreclosed by the doctrine announced in Stone v. Powell, 428

U.S. 465, 494 (1976), where the Supreme Court held that where a state has provided an

opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be

granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional

search or seizure was introduced at his trial. Pursuant to Stone, a federal court may not re-

examine a state court's determination that no Fourth Amendment violation occurred, or that

Fourth Amendment violation did occur but was harmless, unless it determines that the state did

5

not provide the petitioner an opportunity for full and fair litigation of that claim.  Hughes v. Dretke, 412 F.3d 582 (5th Cir. 2005), cert. denied, 546 U.S. 1177 (2006).  Thus, as the Fourth Circuit Court of Appeals has observed, "Stone ... marked, for most practical purposes, the end of federal court  reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in the state court."  Grimsley v. Dodson, 696 F.2d 303 (4th Cir. 1982).  In this case, it is readily apparent based on the record discussed above that petitioner was afforded a full and fair opportunity by the Commonwealth of Virginia to litigate his contention that his Fourth Amendment rights were violated.  Accordingly, pursuant to Stone, that question may not be revisited here.

### IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice.  An appropriate Order shall issue.

Entered this _17th_ day of _October_ 2014.

Alexandria, Virginia

/s/

Anthony J. Trenga
United States District Judge